**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2011[*]
Decided March 14, 2011

*Before*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2392

| | |
|---|---|
| JOHN H. HENDRIX, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
|     *v.* | No. 09-2027 |
| | |
| BLAGER CONCRETE COMPANY, et al. | Michael P. McCuskey, |
|     *Defendants-Appellees*. | *Chief Judge.* |

**O R D E R**

John Hendrix sued his former employer, Blager Concrete Company, and his union, Teamsters Local 216, under Title VII of the Civil Rights Act of 1964, claiming that they discriminated against him based on race by refusing to pay a traffic fine that he incurred while working as a commercial truck driver. The district court dismissed the union from the suit because Hendrix did not name it in two charges of discrimination filed with the EEOC,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and granted summary judgment for Blager because the second charge was untimely. We affirm.

In 2004 Hendrix, an African American, began operating a concrete truck for Blager. The following year Blager contracted to deliver concrete for McLean County Asphalt and assigned Hendrix and another driver, who is white, to the project. While assigned to McLean, both drivers received citations for operating overweight vehicles. And both asked Blager to pay these fines on their behalf. Although Hendrix maintains that Blager promised to pay his fine, Blager denies any such promise and maintains that it has never paid a driver's fine incurred while working on an outside contract. But Hendrix has offered evidence suggesting that Blager has paid fines for similarly situated drivers.

Hendrix thought Blager had paid the fine. He was mistaken, and this misunderstanding led eventually to his arrest and the loss of his commercial driver's license. Only after his arrest and the suspension of his license did Hendrix learn of Blager's refusal. Hendrix contacted his union, which informed him that Blager refused to pay the citation out of a belief that the fine was Hendrix's fault. So Hendrix paid the fine himself and retook the commercial driver's license exam to have his license reinstated. He failed the exam in 2007, at which time Blager informed him that he had to obtain a valid license by December 5 or he would be fired. When Hendrix failed the second time, the Company fired him. Days later he passed the exam, but he was not reinstated.

Hendrix then filed two charges of discrimination with the EEOC. He filed his first against Blager in April 2008, naming only the Company as a respondent, and alleging that he was discharged because of race and age. Two months later the EEOC issued a right-to-sue letter and informed Hendrix that he had 90 days to file a lawsuit. Instead of suing, Hendrix in October filed a second charge with the EEOC, adding allegations that he was subjected to racial harassment, retaliation, and disparate terms and conditions of employment.

After receiving a second right-to-sue letter, Hendrix then sued Blager, his union, and McLean under Title VII. He alleged that Blager paid fines on behalf of white drivers, but refused to pay his own, and as a result, he lost his license and was fired. He also alleged that the union failed to grieve the matter. The district court initially dismissed Hendrix's claims arising out of the first charge because he failed to sue within 90 days after receiving the first right-to-sue letter. The court then dismissed the union on the grounds that Hendrix failed to name it in either charge filed with the EEOC. At summary judgment the court ruled for Blager on Hendrix's remaining claim, finding it time-barred because the complained-of conduct arose more than 300 days before Hendrix filed the second charge with the EEOC.

On appeal Hendrix acknowledges that his filings were untimely but suggests that the doctrines of equitable tolling and equitable estoppel apply. His rationale is difficult to discern, but it seems to relate in some way to his pro se status.

Flexibility may be appropriate for pro se litigants, who are likely not well versed in complex procedural rules. *See Socha v. Pollard*, 621 F.3d 667, 673 (7th Cir. 2010). But Hendrix has not offered any reason for his delay in filing, and his unrepresented status does not excuse his untimeliness. Equitable tolling does not apply here, because he has not shown that despite due diligence, he could not obtain information necessary to realize that he may have a claim. *See Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). Nor is equitable estoppel applicable because he has not shown that Blager took steps to prevent him from filing in a timely manner. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 790 (7th Cir. 2006).

AFFIRMED.